# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re: Sandra Sanchez,<br>　　　　Debtor | BK No: 16-10131<br>Chapter 7 |

| | |
|---|---|
| William K. Harrington,<br>United States Trustee,<br>　　　Plaintiff<br>v.<br><br>Keven A. McKenna,<br>　　　Defendant | A.P. No. 16-01014 |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION TO DISMISS

Defendant Keven A. McKenna moves to dismiss this adversary proceeding in which the Plaintiff, in his capacity as the United States Trustee for Region One ("UST"), seeks to redress alleged violations of the Bankruptcy Code by Mr. McKenna serving in the bankruptcy case as a petition preparer.[1] As grounds for dismissal, he asserts that the UST now lacks standing under 11 U.S.C. § 307[2] to pursue these claims in this proceeding because the underlying bankruptcy case was dismissed on August 1, 2016 (Doc. #6) ("Motion"). The UST objects, relying upon his statutory obligations under 28 U.S.C. § 586(a)(3), Bankruptcy Code § 110(j), and the rights afforded him under Bankruptcy Code § 307. The first statute directs the United States trustee in each of the designated regions to monitor the administration of cases commenced under Chapters 7, 11, 12 13 or 15 of the Bankruptcy Code. The next statutory provision specifically authorizes the United States trustee to bring a civil action against a bankruptcy petition preparer who acts in

---

[1] *See* 11 U.S.C. § 110(a)(1) for the definition of a "bankruptcy petition preparer."

[2] Unless otherwise indicated, the terms "Bankruptcy Code," "Chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C.§§ 101, *et seq*. as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

violation of that Code section.[3] The last statute grants the United States trustee the right to be heard on any and all issues arising in a bankruptcy case. *See* Objection of United States Trustee to Motion to Dismiss (Doc. #7) ("Objection"). Mr. McKenna's Motion borders on the frivolous and must be denied.

**I.     Applicable Standards**

When reviewing a motion to dismiss, the Court must accept the well-plead facts of the Complaint as true, but need not accept as true any allegations that are no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must "state a claim to relief that is plausible on its face" rather than merely conceivable. *Twombly*, 550 U.S. at 570.

**II.    Establishing the UST's Standing Under Bankruptcy Code § 307**

Section §307 of the Bankruptcy Code states, in its entirety, "[t]he United States trustee may raise and may appear and be heard on any issue in *any case* or *proceeding* under this title but may not file a plan pursuant to section 1121(c) of this title." (emphasis added). "The [United States trustee] is an official of the United States Department of Justice charged by statute with the duty to oversee and supervise the administration of bankruptcy cases." *In re Glados, Inc.*, 83 F.3d 1360, 1361 n.1 (11th Cir. 1996) (citing 28 U.S.C. § 586(a)). Such authority is unequivocally broad. And 28 U.S.C § 586(a)(3) directs each regional United States trustee to:

> [S]upervise the administration of cases and trustees in cases under chapter 7, 11, 12, 13, or 15 of title 11 by, whenever the United States trustee considers it to be

---

[3] The statutory authority underlying the UST's Complaint initiating this adversary proceeding arises out of subsection (j)(1) of the petition preparer enforcement provisions of Bankruptcy Code § 110. In its entirety, this subsection provides: "A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer."

> appropriate . . . (D) taking such action as the United States trustee deems to be appropriate to ensure that all reports, schedules, and fees required to be filed under title 11 and this title by the debtor are properly and timely filed . . . .

*See also* 28 U.S.C. § 586(a)(5) (directing the United States trustee to perform all assigned duties under title 11 and title 28). Collier on Bankruptcy succinctly describes the oversight role of the United States trustees in the bankruptcy system:

> [They] are charged with promoting the efficiency and integrity of the bankruptcy system within their assigned regions. They are also responsible for assuring that trustees, attorneys and parties are properly using the system and that bankruptcy laws are properly executed. A broad grant of statutory standing allows United States trustees to address actions taken, or proposed to be taken, by stakeholders in bankruptcy cases that deviate from standards established by the Code.

*Collier on Bankruptcy* P 6.01 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) (citation omitted). "The language, legislative history, and judicial interpretation of § 307 reveal that Congress intended to enhance the role of the United States Trustee by permitting direct involvement in bankruptcy proceedings." *Hayes & Son Body Shop, Inc. v. U.S. Tr.*, 124 B.R. 66, 68 (W.D. Tenn. 1990); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 384 (Bankr. W.D. Pa. 2008) ("Indeed, it is difficult to conceive of how *Section 307* could have been written in any broader language.") (emphasis in original).

Here, Mr. McKenna conveniently ignores the statute's separate references to both a "case" and a "proceeding."

> Though the Bankruptcy Code itself is silent as to the precise definition of "case" or "proceeding," the terms are described in the sections proceeding the Code in the *Bankruptcy Code and Rules* 2006 version . . . . [noting that] case and proceeding "are not synonymous or interchangeable terms." A "case" refers to a matter initiated by the filing of a petition seeking relief under the Bankruptcy Code. A "proceeding" refers to everything which happens within the context of a bankruptcy case.

*In re Attorneys at Law & Debt Relief Agencies* (*In re Attorneys at Law*), 353 B.R. 318, 322-23 (S.D. Ga. 2006) (footnote omitted). "Adversary proceedings are separate lawsuits within the

context of a particular bankruptcy case and have all of the attributes of a lawsuit . . . as provided in Part VII of the Bankruptcy Rules." *Collier on Bankruptcy* P 7001.01 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.). *See also In re Countrywide Home Loans, Inc.*, 384 B.R. at 390 (finding that the requirement in § 307 "for the existence of a case or proceeding has clearly been met" when "[a]ll of the *Notices of Examination* under consideration were issued in the context of bankruptcy cases that were previously filed in this Court").

### III.    Analysis

This adversary proceeding was commenced before the Debtor's bankruptcy case was dismissed and relates to Mr. McKenna's conduct involving the preparation of the petition and its filing.[4] The Court's jurisdiction and the UST's standing to pursue the asserted causes of action, in accordance with his statutory duties and powers, did not evaporate simply by the closing of the underlying bankruptcy case because both stem directly from a case under Title 11. *See In re Donovan Corp.*, 215 F.3d 929, 930 (9th Cir. 2000). Nothing in Bankruptcy Code § 307 limits the survival of an adversary proceeding to the lifespan of the bankruptcy case itself. Nor has Mr. McKenna cited any authority for such proposition. To the contrary, it is a common occurrence for an adversary proceeding to outlive the underlying bankruptcy case, and the Court may proceed to adjudicate the claims asserted in that proceeding so long as it has subject matter jurisdiction over such claims. *Porges v. Gruntal & Co., Inc.*, 44 F.3d 159, 162 (2nd Cir. 1995); *In re Travers*, 507 B.R. 62, 73 (Bankr. D.R.I. 2014) ("dismissal of an underlying bankruptcy

---

[4] The Debtor filed her petition on January 26, 2016. Mr. McKenna prepared the following filings on behalf of the Debtor: the Voluntary Petition (Doc. #1), Debtor's Certification by Pro Se Debtor (Doc. #5); Debtor's Emergency Motion to Reconsider (Doc. #11), and Debtor's Schedules and Statement of Financial Affairs (Doc. #15). The latter two documents were prepared with the assistance of his agent or employee, Jon Schmidt, who has been permanently enjoined from acting as a petition preparer. The UST filed his complaint on July 13, 2016 under Bankruptcy Code § 110 and Federal Rules of Bankruptcy Procedure 7001(7) ("[an adversary] proceeding to obtain an injunction or other equitable relief . . . ") and 7065 (governing injunctions). On August 1, 2016, the bankruptcy case was dismissed due to the Debtor's failure to file an amended plan upon denial of confirmation of her Chapter 13 plan.

case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement").

This adversary proceeding is a core proceeding stemming from the Bankruptcy Code relating to "matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A). *See, e.g.*, *In re Briones-Coroy*, 481 B.R. 685, 695 (Bankr. D. Colo. 2012); *In re Gomez*, 259 B.R. 379, 381-82 (Bankr. D. Colo. 2001). The litigation falls squarely within the authority of the UST "to protect the integrity of the bankruptcy system." *In re Youk-See*, 450 B.R. 312, 323 (Bankr. D. Mass. 2011); *In re Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States trustee as "a watchdog rather than an advocate" protecting the public interest). Mr. McKenna's position advocated in his three-sentence long Motion that under § 307 the UST "has no standing unless there is a pending case" completely fails to recognize that the "United States Trustee has broad standing to bring actions in its own name in its role as 'watchdog' of the public interest." *In re LWD, Inc.*, 342 B.R. 514, 519 (Bankr. W.D. Ky. 2006). "The U.S. Trustee may take necessary actions under § 307 to protect the public interest in the enforcement of federal bankruptcy law." *In re Yourk-See*, 450 B.R. at 316 n.3.

Divesting the United States trustee of standing automatically upon the closing of the underlying bankruptcy case would eviscerate the very powers Congress vested in that office, rendering United States trustees "circumscribed and toothless" to "promot[e] the efficiency and integrity of the bankruptcy system . . . ." *Id.* at 323; *See also Collier on Bankruptcy* P 6.01 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.). Courts have resisted such efforts by those facing such enforcement actions, concluding that "Congress intended the United States Trustee to have the tools . . . [necessary] to carry out that duty." *Id.* The allegations in the Complaint are sufficient for the UST to sustain a viable enforcement action under § 110, and if established at

trial, would permit the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mr. McKenna will have to proceed with his defense on the merits.

    The Motion **is DENIED**.

Date: September 7, 2016                                       By the Court,

*Diane Finkle*
_____
Diane Finkle
U.S. Bankruptcy Judge